UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Western Division

KATHRINE MAE McKEE,

Plaintiff,

V.

WILLIAM H. COSBY, JR.,

Defendant.

Civil Action No. _____

# COMPLAINT

Plaintiff, acting *Pro Se*, complaining of the Defendant, respectfully alleges as follows:

## Parties

1. The Plaintiff Kathrine Mae McKee, who is also known as Kathy McKee (hereinafter "Ms. McKee" or "Plaintiff"), is a resident of Las Vegas, Nevada, and is a citizen of the United States.

2. The Defendant William H. Cosby, Jr., who is also known as Bill Cosby (hereinafter "Cosby" or "Defendant"), is a resident of the City of Shelburne Falls, the County of Franklin, and the State of Massachusetts, and is a citizen of the United States.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. Venue is proper under 28 U.S.C. § 1391(b)(1), as it is based upon the residence of the Defendant.

5. Filing the Complaint in the Western Division is proper pursuant to Local Rule 40.1(D)(1)(c) of the Local Rules of the United States District Court for the District of Massachusetts, since the defendant resides in Franklin County, Massachusetts (*see* Local Rule 40.1(C)(3)).

Facts

6. Ms. McKee is an accomplished performer and actress, and has been working in the entertainment industry for over fifty (50) years.

7. Today, Ms. McKee runs a talent agency and casting company, called Kathy McKee Casting.

8. Ms. McKee first met Cosby in or about 1964, when she was working as an aspiring actress and as a showgirl in Las Vegas, Nevada.

9. In 1971, Ms. McKee appeared as an actress on "The Bill Cosby Show", a popular American television program which aired from 1969 to 1971.

10. In 1974, Ms. McKee believed that she and Cosby were friends, and she felt comfortable accepting an invitation from Cosby to meet socially one day when both of them happened to be in Detroit, Michigan coincidentally.

11. Cosby asked Ms. McKee to get some ribs from a local restaurant and then pick him up at his hotel, and he promised that he would then take Ms. McKee to a party on a friend's boat docked in the Detroit River.

12. When Ms. McKee arrived at the hotel room, Cosby invited Ms. McKee into the hotel room, and she observed that Cosby was wearing a bath robe and a knit wool cap.

13. Ms. McKee stepped a few steps into the hotel room when she was immediately set upon and physically attacked by Cosby.

14. Cosby snatched the ribs from her hands and tossed them aside.

15. Cosby was wild and aggressive, and was acting nothing like the man Ms. McKee had known professionally.

16. Cosby violently and forcefully grabbed Ms. McKee and then spun Ms. McKee around so that she was facing away from Cosby and toward the door.

17. Cosby violently lifted her dress and pulled down her panties.

18. Cosby intimidated, terrified, and terrorized Ms. McKee with pain and overwhelming physical force.

19. Cosby proceeded to forcibly rape Ms. McKee while both were still standing very near the door.

20. The rape was an unprovoked and violent attack. The rape was shocking, scary and horrible.

21. In 2014, Ms. McKee was interviewed by a reporter from the New York Daily News and upon being questioned, told the reporter about the aforesaid rape perpetrated by Cosby in Detroit in 1974.

22. On or about December 22, 2014, the New York Daily News published a news article which described the aforesaid 1974 rape of Ms. McKee perpetrated by Cosby.

23. On or about December 22, 2014, in response to the aforesaid news article, Cosby, by and through his attorney Martin Singer, wrote a letter to the New York Daily News in which Cosby denied that he raped Ms. McKee, and in which Cosby called Ms. McKee a liar (directly and indirectly), and in which Cosby made other false statements about Ms. McKee (hereinafter referred to as the "Singer Letter").

24. At all times relevant hereto, Martin Singer was the attorney for Cosby, and was his agent, servant, and employee, and was authorized in law and fact to speak for Cosby.

25. On or about December 24, 2015, in response to the Singer Letter, the New York Daily News published a second news article wherein it reported that Cosby (through Martin Singer) denied the rape allegation, and further that Cosby asserted that Ms. McKee "had [done] a lot of lying", and that Ms. McKee "defied credibility"

26. The Singer Letter directly and openly called Ms. McKee a liar, and indirectly used artifice, fallacy, innuendo and inference to cast further doubt on Ms. McKee's reputation for truthfulness, honesty and integrity.

## Cause of Action for Defamation

27. Ms. McKee repeats and restates all of the foregoing allegations contained in Paragraphs 1 through 26, as if fully set forth herein.

28. Through the Singer Letter, Cosby made defamatory statements concerning Ms. McKee to a third party, namely the New York Daily News.

29. However, Cosby's intention was not only to defame Ms. McKee to the New York Daily News, but also to defame Ms. McKee to the world at large, by causing a news story to appear in the New York Daily News, wherein Cosby would call Ms. McKee a liar, all for the purpose of discrediting Ms. McKee and to damage her reputation for truthfulness and honesty, and further to embarrass, harass, humiliate, intimidate, and shame Ms. McKee.

30. Cosby intended that his statements would appear in the New York Daily News, and he further intended that his statements would be published to the world at large, not just through the New York Daily News, but Cosby reasonably expected that the New York Daily News story of December 24, 2015, would get picked up by other media sites on the internet, and

would be further repeated on television, and disseminated still further as Cosby's statements were re-published through other newsprint organizations. Thus, Cosby intended that his statements would be published effectively to the world at large.

31. And in fact, Cosby's defamatory statements were effectively published and disseminated broadly to the world at large, through the internet, television, and through other newsprint organizations to a very broad community.

32. Cosby's statements in the Singer Letter are false, and Cosby knew them to be false when they were made.

33. Cosby made the statements in the Singer Letter with reckless disregard for the truth, and/or actual malice toward Ms. McKee.

34. At all times relevant hereto, Cosby knew that Ms. McKee was telling the truth, and Cosby knew that he did in fact rape Ms. McKee in a hotel room in Detroit in 1974.

35. Cosby's statements in the Singer Letter are not privileged.

36. Cosby damaged Ms. McKee's reputation by asserting openly and through insinuation that Ms. McKee was a liar, thus creating the impression that she is unethical or immoral to a considerable and respectable segment of the community.

37. Cosby knowingly made false statements contained in the Singer Letter with the intention of damaging Ms. McKee's reputation in the community generally, and in the entertainment industry specifically.

38. Cosby is at fault in making the statements contained in the Singer Letter, since he knew them to be false, and further since his purpose was to damage Ms. McKee's reputation in the community generally, and in the entertainment industry specifically.

39. Cosby's false statements have unfairly tainted and permanently damaged the reputation of Ms. McKee in the eyes of the general public, and in the eyes of people in the entertainment industry who are now unwilling to hire Ms. McKee as a casting director for their upcoming entertainment projects.

40. Cosby's statements have caused Ms. McKee economic loss in loss of her reputation.

41. Cosby's statements are actionable without proof of economic loss under the common law of the State of Massachusetts.

42. The aforesaid loss of reputation was caused solely by the actions of Cosby, his agent(s), servant(s), and/ or employee(s), and without any negligence of the Plaintiff contributing thereto.

43. Cosby is liable for the actions of his agent(s), servant(s), and/ or employee(s) under the principle of *respondeat superior*.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in a sum in excess of the minimum jurisdictional threshold of this Court, in both compensatory and punitive damages, plus pre- and post-judgment interest, together with attorney's fees, and the costs and disbursements of this action.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b)(1), on all issues, claims, and causes of action against Defendant.

Dated: New York, New York
       December 21, 2015

/s/ Kathrine Mae McKee

Kathrine Mae McKee
*Pro Se Plaintiff*
1201 North Rainbow Blvd., No. 54
Las Vegas, NV 89108
Email: kathymckeecasting@gmail.com
Tel: (702) 904-1211